# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

            **v.**

JOSÉ GARCÍA-BÁEZ [3],

    **Defendant.**

**Criminal No.** 16-692 (FAB)

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant José García-Báez ("García")'s motion to dismiss the superseding indictment pursuant to the Sixth Amendment of the United States Constitution and the Speedy Trial Act. (Docket No. 184.) For the reasons set forth below, García's motion to dismiss is **DENIED**.

## I.   Background

On November 2, 2016, a grand jury returned a two-count indictment charging defendants Josué Cheveres-Morales ("Cheveres") and Carlos Ruiz-Cintrón ("Ruiz") with aiding and abetting the taking of a vehicle by force, violence or intimidation in violation of 18 U.S.C. § 2119(1) (count one), and aiding and abetting the use or brandishing of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two). (Docket No. 13.) A magistrate judge ordered that Cheveres

and Ruiz remain in federal custody pending trial. (Docket Nos. 11 and 22.)

A grand jury returned a superseding indictment on February 3, 2017. (Docket No. 45.) The superseding indictment set forth two additional counts, charging Cheveres, Ruiz, and García with aiding and abetting the attempted taking of a motor vehicle by force, violence or intimidation, and aiding and abetting the use or brandishing of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 2119(1) and 18 U.S.C. § 924(c)(1)(A)(ii), respectively (counts three and four). Id. García appeared before Magistrate Judge Marcos López for his initial appearance on February 17, 2017. (Docket No. 52.) He pled not guilty as to counts three and four on February 23, 2017. (Docket No. 58.) Magistrate Judge López ordered that García remain in custody pending trial. Id. The United States Marshals Service detained Cheveres, Ruiz, and García at the Metropolitan Detention Center in Guaynabo, Puerto Rico ("MDC").

The parties engaged in discovery and plea negotiations. (Docket Nos. 57, 68, 69 and 76.) Cheveres pled guilty to the two carjacking counts and one firearm count. (Docket No. 144.)[1] The

---

[1] Cheveres received a sentence of 87 months of imprisonment for each carjacking count, to be served concurrently with each other. (Docket No. 144 at p. 2.) The Court imposed a consecutive sentence of 108 months of imprisonment for the firearm count, for a total imprisonment term of 195 months. Id.

Court set García and Ruiz's trial for October 10, 2017. (Docket
No. 94.) The passage of Hurricane María on September 20, 2017,
however, resulted in the loss of electrical power, destroyed
communication towers, and caused a lack of food, fuel, and water
throughout Puerto Rico. Consequently, the Marshals Service
relocated Cheveres, Ruiz, and García to the Southern District of
Mississippi pursuant to the Federal Judiciary Emergency Special
Sessions Act of 2005, Pub. L. No 109-63, 119 Stat. 1993 (2005).
See Notice from the Clerk No. 17-12, Transfer of Federal Detainees
Outside of District of Puerto Rico and Suspension of Criminal and
Civil Trials Until November 6, 2017. García and Ruiz returned to
MDC on January 9, 2018. (Docket No. 105 at p. 2.)

The Court reset trial for January 22, 2018. (Docket No. 100.)
Defense counsel for García and Ruiz requested a continuance,
however, "to properly conduct and conclude [their] investigation,
speak personally with [their] clients, and respond to the
government's latest motions." (Docket No. 105 at p. 2.) Ruiz
moved to suppress evidence on May 2, 2018. (Docket No. 130.) The
Court referred Ruiz's motion to suppress to Magistrate Judge López
for a hearing, if necessary, and a report and recommendation.
(Docket No. 150.) Magistrate Judge López set the suppression
hearing for June 27, 2019. (Docket No. 181.) On May 7, 2019,
García moved to dismiss the indictment pursuant to the Sixth

Amendment of the United States Constitution and the Speedy Trial Act (hereinafter, "STA").  (Docket No. 184.)

The Sixth Amendment guarantees that the accused shall "enjoy the right to a speedy and public trial."  U.S. CONST. amend. VI. Congress enacted the Speedy Trial Act in 1974 to "protect a defendant's constitutional right to a speedy trial, and to serve the public interest in bringing prompt criminal proceedings." United States v. Santiago-Bercerril, 130 F.3d 11, 14 (1st Cir. 1997) (internal citation and quotation omitted); United States v. Bailey-Snyder, 923 F.3d 289, 295 (3rd Cir. 2019) (noting that "the Speedy Trial Act [gives] effect to the Sixth Amendment's speedy trial guarantee by setting limits within which trials must begin."); see 18 U.S.C. §§ 3161 et seq.  The constitutional and statutory rights to a speedy trial are distinct, requiring the Court to analyze García's motion to dismiss pursuant to separate standards of review.  United States v. Muñoz-Amado, 182 F.3d 57, 61 (1st Cir. 1999); see, e.g., United States v. Pereira, 312 F. Supp. 3d 262, 278 (D.P.R. 2018), Crim. No. 12-413, Docket No. 2226 (May 30, 2018) (although there was no STA violation, the Court dismissed all charges against defendant Pedro San Lucas with prejudice pursuant to the Sixth Amendment) (Besosa, J.).

## I.  **The Speedy Trial Act**

The Speedy Trial Act provides that García must stand trial "within seventy days from the filing date (and making public) of the information or indictment, or from the date [he] appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).[2] Accordingly, García's initial appearance on February 17, 2017 triggered the Speedy Trial clock.  Docket No. 52; see United States v. Hood, 469 F.3d 7, 9 (1st Cir. 2006) ("The speedy trial clock begins ticking on the day a defendant first appears in court and stops the day the defendant files a motion to dismiss for lack of speedy trial.").  Failure to commence trial within the seventy-day timeframe requires dismissal of the superseding indictment "on motion of the defendant."  18 U.S.C. § 3162(a)(2).[3]  Although 794 days have elapsed between García's initial appearance and motion to dismiss, certain periods of time are excluded from the Speedy Trial clock.  Docket Nos. 45 and 184; 18 U.S.C. §§ 3161(h)(1)-(9).

---

[2] For purposes of the STA, "trial generally commences when *voir dire* begins." United States v. Brown, 819 F.3d 800, 815 (6th Cir. 2016) (citation omitted).

[3] García cites United States v. Franklin, 630 F.3d 53 (1st Cir. 2011), for the proposition that the Court "may consider any other factors that are rationally related to the statutory objective of balancing public and private interests" regarding purported STA violations. (Docket No. 184 at p. 2.) This proposition, however, is applicable in determining whether the indictment should be dismissed with or without prejudice in response to an STA violation.  Franklin, 630 F.3d at 57.  Franklin is inapposite because García has failed to establish a STA violation.  Accordingly, the Court need not consider whether the superseding indictment should be dismissed with or without prejudice.

## A.    The Speedy Trial Clock is Tolled for Proceedings Concerning the Defendant

The Speedy Trial Act excludes "delay resulting from other proceedings concerning the defendant." 18 U.S.C § 3161(h)(1); see United States v. Mitchell, 723 F.2d 1040, 1045 (1st Cir. 1983). The term "other proceedings" is expansive, including: (1) "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," (2) "consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government," and (3) "delay reasonably attributable to any period, not to exceed thirty days during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C § 3161(h)(1). "Motions that do not require a hearing may toll the seventy-day time limit for up to thirty days." Santiago-Becerril, 130 F.3d at 17 (citing Henderson v. United States, 476 U.S. 321, 329 (1986)). Delay attributable to a proceeding, including pre-trial motions and hearings, is tolled automatically. United States v. Valdivia, 680 F.3d 33, 38 (1st Cir. 2012).

## B.    The Speedy Trial Clock May Stop for Any Period of Delay Resulting from a Continuance

The Speedy Trial Act excludes "delay resulting from a continuance granted by any judge on his own motion or at the

request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7). This exclusion is permissive. Id.; see Zedner v. United States, 547 U.S. 489, 498 (2006) ("This provision gives the district court discretion — within limits and subject to specific procedures — to accommodate limited delays for case-specific needs."). The Court must determine whether "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7). The STA delineates factors "a court shall consider in considering an ends of justice continuance, such as whether a failure to grant the continuance would unreasonably deny the defendant . . . continuity of counsel" or reasonable time for effective preparation. United States v. Pakala, 568 F.3d 47, 58 (1st Cir. 2009) (internal quotation omitted) (citing 18 U.S.C. § 3161(h)(7)(B)). The Court need not, however, "explicitly state its reasons for granting a continuance nor make a best interest finding if it is obvious and set forth in the motion for a continuance." United States v. Laureano-Pérez,

797 F.3d 45, 59 n.8 (1st Cir. 2015) (internal citation and quotation omitted).[4]

## C.    The Codefendant Exclusion

The Speedy Trial "clock [stops] for one defendant in the same manner and for the same amount of time as for all co-defendants." United States v. Mayrea, 704 F.3d 55, 63 (1st Cir. 2013) (citation and quotation omitted); United States v. Molina, 407 F.3d 511, 532 (1st Cir. 2005) ("The purpose of [the codefendant] rule is to prevent the Speedy Trial Act from becoming a sword that can be used to shred the joinder rules.  Only in that way can the federal courts maintain the efficiency advantages of joint trials."); see 18 U.S.C. § 3161(h)(6).  Accordingly, García, Cheveres, and Ruiz are subject to the same Speedy Trial clock. United States v. Barnes, 251 F.3d 251, 259 (1st Cir. 2001) ("[C]ases involving multiple defendants are governed by a single speedy trial clock, which begins to run with the clock of the most recently added defendant.") (internal citation and quotation omitted).

---

[4] See also Valdivia, 680 F.3d at 40 ("In constructing such [an ends-of-justice] finding, the district court need not recite a formulaic incantation of the 'ends-of-justice' language, but it must articulate clearly the reasons that support an ends-of-justice continuance.") United States v. Rush, 738 F.2d 497, 508 (1st Cir. 1984) (holding that "it is generally preferable to limit a continuance to a definite period for the sake of clarity and certainty; but at the same time it is inevitable that in some cases, like the present one, a court is forced to order an (h)(8) continuance without knowing exactly how long the reasons for supporting the continuance will remain valid.").

## III. There is No Speedy Trial Act Violation

The record demonstrates that there is no Speedy Trial Act violation. As set forth in the table below, the two-year delay between García's initial appearance and motion to dismiss is attributable to pretrial motions, hearings, and continuances.

**SPEEDY TRIAL ACT CALCULATION**

| DATE | DAYS | REASON FOR DELAY |
|---|---|---|
| February 17, 2017 | 0 | Initial Appearance. Docket No. 52; see 18 U.S.C. § 3161(h)(1). |
| February 18, 2017 through February 23, 2017 | 5 | No Exclusion is Applicable. |
| February 24, 2017 | 0 | Arraignment and Status Conference. Docket Nos. 57 and 58; see 18 U.S.C. § 3161(h)(1). The Court granted the United States and defense counsel two weeks to finalize discovery. |
| February 24, 2017 through March 10, 2017 | 0 | Two-week continuance to finalize discovery. See 18 U.S.C. § 3161(h)(7). |
| March 11, 2017 through March 23, 2017 | 13 | No Exclusion is Applicable. |
| March 24, 2017 | 0 | Status Conference. Docket No. 60; see 18 U.S.C. § 3161(h)(1). Defense counsel requested "time for designation of evidence, and then time for filing motions to suppress." Id. at p. 1. The Court held that "before deadlines are set informal meetings as to discovery shall be held first." Id. |

| DATE | DAYS | REASON FOR DELAY |
|---|---|---|
| March 25, 2017 through April 18, 2017 | 0 | Continuance to finalize discovery.  See 18 U.S.C. § 3161(h)(7).[5] |
| April 19, 2017 | 0 | Status Conference.  Docket No. 68; see 18 U.S.C. § 3161(h)(1).  The parties requested, and the Court granted a continuance until the next status conference to finalize discovery and to conduct plea negotiations. |
| April 20, 2017 through June 27, 2017 | 0 | Continuance to finalize discovery and negotiate plea agreements.  18 U.S.C. § 3161(h)(7).[6] |
| June 27, 2017 | 0 | Status Conference.  Docket No. 73; see 18 U.S.C. § 3161(h)(1).  The Court granted the parties' request for "additional time" to conduct plea negotiations. |
| June 28, 2017 through July 13, 2017 | 0 | Continuance to finalize discovery and negotiate plea agreements.  See 18 U.S.C. § 3161(h)(7). |
| July 14, 2017 | 0 | Status Conference.  Docket No. 76; see 18 U.S.C. § 3161(h)(1).  The Court granted the parties' request for "an additional period of four (4) weeks to finalize plea negotiations." |
| July 15, 2017 through August 11, 2017 | 0 | Continuance to finalize discovery and negotiate plea agreements. See 18 U.S.C. § 3161(h)(7). |
| August 11, 2017 through August 25, 2017 | 0 | Cheveres filed a change of plea motion on August 11, 2011.  Docket No. 77; see 18 U.S.C. § 3161(h)(1)(D). |

[5] The Speedy Trial clock also stopped on April 11, 2017 because Cheveres filed a motion to withdraw a document.  Docket No. 64; see 18 U.S.C. § 3161(h)(1)(D) ("delay resulting from any pretrial motion"). The Court granted Cheveres' motion on April 19, 2017.  (Docket No. 66.)

[6] The Speedy Trial clock also stopped on May 26, 2017 because Cheveres filed a motion to appoint an expert.  Docket No. 69; see 18 U.S.C. § 3161(h)(1)(D). The Court granted Cheveres' motion on June 16, 2017.  (Docket No. 72.)

| DATE | DAYS | REASON FOR DELAY |
|---|---|---|
| August 25, 2017 | 0 | Change of plea hearing for Cheveres, Status Conference for García and Ruiz. Docket Nos. 88 and 90; see 18 U.S.C. § 3161(h)(1). Ruiz's defense counsel was unavailable for trial in September. Id. The Court set trial for October 10, 2017 to accommodate defense counsel's schedule. Id.[7] |
| August 26, 2017 through October 4, 2017 | 0 | Continuance to accommodate defense counsel's schedule. See 18 U.S.C. § 3161(h)(7) |
| October 5, 2017 | 0 | "Due to the effects of Hurricane María, Jury trial set for October 10, 2017 [was] vacated." (Docket No. 94.)[8] |
| October 6, 2017 through December 12, 2017 | 0 | "As soon as the Court is informed as to when the MDC-Guaynabo becomes operational again, and defendants be brought back to this jurisdiction, case will be set for Jury trial or change of plea." (Docket No. 95.) |
| December 13, 2017 | 0 | Status Conference. Docket No. 98; see 18 U.S.C. § 3161(h)(1). "Counsel for defendants explained the communication difficulties since defendants were transferred to FCI Yazoo and requested that in order to be properly prepared for Jury trial defendants shall be brought back to this jurisdiction." Id. |

---

[7] See United States v. Pringle, 751 F.2d 419, 432 (1st Cir. 1984) ("The legislative history of the Speedy Trial Act . . . indicates that scheduling conflicts of either defense or government counsel were intended by Congress to be legitimate grounds for granting a continuance under § 3136(h)(8).").

[8] The District Court for the District of Puerto Rico closed on September 18, 2017 to prepare for Hurricane María. Public Notice from the Clerk No. 17-10. Subsequently, Chief Judge Aida M. Delgado-Colón ordered that "all pending criminal cases are excluded from the requirements of the Speedy Trial Act until further order of this Court." Omnibus Order No. 17-509, Emergency Measures After the Passage of Hurricane María, p. 2 (Oct. 4, 2017) (citing 18 U.S.C. § 3161(h)(7)(A)). The Court suspended all trials until at least November 6, 2017. Public Notice from the Clerk No. 17-12.

| DATE | DAYS | REASON FOR DELAY |
|------|------|------------------|
| December 14, 2017 through January 21, 2018 | 0 | García and Ruiz returned to Puerto Rico on January 9, 2018. The Court granted defense counsel's request for additional time to "conduct their investigations and prepare for trial." (Docket No. 105 at p. 2; Docket No. 108.) |
| January 22, 2018 | 0 | Status Conference. Docket No. 113; <u>see</u> 18 U.S.C. § 3161(h)(1). Ruiz's defense counsel requested that the Court set a trial date in April to accommodate a scheduling conflict. <u>Id.</u> at p. 2. "Hence, Jury Trial in this case set for April 9, 2018 at 9:30 a.m. as agreed by the parties during today's proceedings." <u>Id.</u> |
| January 23, 2018 through March 18, 2018 | 0 | The parties prepare for trial and file pretrial motions. <u>See</u> Docket Nos. 112 and 117; <u>see</u> 18 U.S.C. § 3161(h)(1). |
| March 19, 2019 | 0 | Status Conference. Docket No. 121; <u>see</u> 18 U.S.C. § 3161(h)(1). The Court vacated the April 9, 2018 trial date. <u>Id.</u> Ruiz informed the Court that he intended to file a motion to suppress. <u>Id.</u> "The Court made a finding that the Speedy trial shall remain tolled." <u>Id.</u> |
| March 20, 2018 through May 1, 2018 | 0 | Continuance to file motion to suppress. <u>See</u> 18 U.S.C. § 3161(h)(7). The Court granted Ruiz's request for an extension of time to file a motion to suppress. (Docket Nos. 125 and 126.) |
| May 2, 2018 | 0 | Ruiz filed a motion to suppress on May 2, 2018. Docket No. 130; <u>see</u> 18 U.S.C. § 3161(h)(1). The Court referred the motion to suppress to a magistrate judge on July 31, 2018. (Docket No. 150.) After three continuances, Magistrate Judge López set the suppression hearing for June 27, 2019. (Docket Nos. 162, 172, 177 and 181.) |

| DATE | DAYS | REASON FOR DELAY |
|------|------|------------------|
| May 3, 2018 through May 7, 2019 | 0 | Ruiz's motion to suppress is pending. García moved to dismiss the superseding indictment pursuant to the Sixth Amendment and STA on May 7, 2019. Docket No. 184; see 18 U.S.C. § 3161(h)(1).[9] |

**Speedy Trial Clock Total**:

18 Days of Unexcused Delay

776 Days of Excused Delay

**A.    García's Speedy Trial Calculation is Incorrect**

According to García, "the speedy trial has been exceeded by 114 days over the 70 days limit." (Docket No. 184 at p. 6.) García's calculation is flawed, however, because he fails to exclude time attributable to continuances and Ruiz's motion to suppress.

**1.    Continuances**

García argues that "the clock ran from February 25, 2017 until March 16, 2017 for a total of 19 days." (Docket No. 184

---

[9] The Court held a status conference on May 14, 2018. (Docket No. 133.) Ruiz requested time to reply to the United States' opposition to the suppression motion. Id. García's counsel informed the Court that he was "evaluating if he will join on different grounds, the motion to suppress filed by co-defendant [Ruiz]." Id. The Court held that "the Speedy trial shall remain tolled until the next status conference." Id. The next status conference occurred on August 5, 2018. (Docket No. 152.) The Court's order constituted an ends-of-justice continuance, an additional reason to toll the Speedy Trial clock.

at p. 4.)[10] He acknowledges, however, that "two weeks were granted

to the United States to provide discovery" at the February 24,

2017 status conference. Id.; see Docket No. 57. Before

publication of the superseding indictment, the Court had "disposed

of the fact that [Ruiz's] motion to suppress shall be filed before

the next status conference, [which was February 24, 2017]."[11] Ruiz

did not file a motion to suppress by the February 24, 2017

deadline. Defense counsel for Ruiz informed the Court that "in

between came a superseding indictment . . . It would be piecemeal,

disjointed, and premature to have filed any motion to suppress"

regarding events "that are alleged in the superseding indictment."

(Draft Transcript at pp. 2—3.) The two-week continuance to

disclose discovery placed defendants "in a better position to state

whether a motion to suppress will be filed or not." Id. at p. 3.

This continuance served the ends of justice by allotting defense

counsel additional time to prepare the motion to suppress. See

e.g., United States v. Apicelli, 839 F.3d 75, 84—85 (1st Cir. 2016)

(finding "no abuse of discretion in [the district court's] issuance

---

[10] García purports that on "March 17, 2017 an order of detention pending trial was issued against Mr. García and the clock stopped." (Docket No. 184 at p. 4) (citing Docket No. 59). Detention orders do not toll the Speedy Trial clock.
[11] Court reporters are responsible for promptly filing, when requested, certified transcripts of all proceedings before the Court. 28 U.S.C. § 753. Transcripts are available for a fee. The Court may access preliminary drafts of the transcripts before the official transcript is published. This Opinion and Order cites to a preliminary draft of the transcript.

of an ends-of-justice continuance" to "give counsel time to prepare" and "to review the new evidence and potentially prepare new exhibits").[12] Accordingly, thirteen days (13) elapsed between the February 25, 2017 status conference and the March 24, 2017 status conference.

García also contends that the "clock began to run again from March 25, 2017 until April 6, 2017 for a total of 13 days." (Docket No. 184 at p. 4.) At the March 24, 2017 status conference, however, counsel for Ruiz requested "time for designation of evidence, and then time for filing of motion to suppress with respect to the cell phone, statements, and lineups." (Docket No. 60 at p. 2.) The Court ordered the parties to meet informally "[b]efore deadlines [were] set." Id. Defense counsel's motion for additional time and the Court's order are "complementary documents," analyzed as one record to determine whether an ends-of-justice continuance tolled the Speedy Trial clock. United States v. Bruckman, 874 F.2d 57, 62 (1st Cir. 1989) (noting that "the basic facts and justifying grounds for the requested

---

[12] See also United States v. Sepulveda, 15 F.3d 1161, 1193 n.25 (1st Cir. 1993) ("We note that the district court also granted an ends-of-justice continuance on December 18, 1990, in response to [the defendant's] motion for an extension of discovery deadlines, thereby providing an additional source of excludable time"); United States v. Bell, Case No. 17-3505, 2019 U.S. App. LEXIS 16534 *21 (7th Cir. June 3, 2019) ("[N]ew discovery materials" regarding the superseding indictment constituted "ample reason to conclude that the failure to grant a continuance would deny defense counsel reasonable time for effective preparation.") (internal citation and quotation omitted).

continuance and excludable time under the Speedy Trial Act are clearly obvious as explained in the government's motion and memorandum which was 'allowed' by the trial court.")  Failure to grant Ruiz's request for a continuance would deny him "reasonable time necessary for effective preparation."  18 U.S.C. § 3161(h)(7) (B)(iv).  Accordingly, the days between the March 24, 2017 and April 19, 2017 status conferences are excluded.  (Docket Nos. 60 and 68.)[13]

## 2.  Ruiz's Motion to Suppress

Ruiz moved to suppress evidence on May 2, 2018. (Docket No. 130.)  The Court referred Ruiz's motion to a magistrate judge on July 31, 2018.  (Docket No. 151.)  At the next status conference, the Court held that "a new schedule [will issue], including trial date, once the motion to suppress has been decided."  (Docket No. 152.)  Magistrate Judge López set the suppression hearing for September 28, 2018.  (Docket No. 159.) Subsequently, the United States filed four unopposed motions to continue the suppression hearing.  (Docket Nos. 160, 170, 174 and

---

[13] Cheveres filed a motion to withdraw a document on April 11, 2017.  (Docket No. 64.)  The Court granted the motion to withdraw on April 19, 2017.  (Docket No. 66.)  The disposition of this pre-trial motion serves as independent basis to exclude the days between April 11, 2017 and April 19, 2017.  See 19 U.S.C. § 3161(h) (1)(D).

178.)  The magistrate judge granted the motions to continue, ultimately setting the suppression hearing for June 27, 2019.[14]

Motions to suppress toll the Speedy Trial clock "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion." 18 U.S.C. § 3161(h)(1)(D); see United States v. Cobb, 697 F.2d 38, 42 (2d Cir. 1982) ("Is a motion to suppress a 'pretrial motion' within the meaning of [the STA]?  The answer is 'yes.'").  The delay between Ruiz's motion to suppress and the suppression hearing is excluded from the Speedy Trial clock.  See Henderson, 476 U.S. at 330 ("Congress intended [to] exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding the hearing is 'reasonably necessary.'"); United States v. Staula, 80 F.3d 596, 601 (1st Cir. 1996) ("For motions that require a hearing, [the STA] excludes the time between the filing of the motion and the hearing on the motion, even if the delay is overlong, inexplicable, or unreasonable.").

The motion to suppress tolled the Speedy Trial clock for García pursuant to the codefendant exclusion.  18 U.S.C.

---

[14] See Docket No. 162 (resetting suppression hearing for November 20, 2018); Docket No. 172 (resetting suppression hearing for February 11, 2019; Docket No. 177 (resetting the suppression hearing for April 1, 2019); Docket No. 181 (resetting suppression hearing for June 27, 2019).

§ 3136(h)(7); see, e.g., <u>United States v. Lara</u>, Case No. 15-069,
2015 U.S. Dist. LEXIS 68767 *3 (D. Me. May 27, 2015) (holding that
because "the continuances requested by Lara's codefendants are
excludable under the Ends of Justice Clause . . . the delays
resulting from the continuances are reasonable as to Lara.").
Several courts of appeals have held that the codefendant exclusion
is "subject to a reasonableness constraint." <u>United State v.
Novak</u>, 715 F.2d 810, 815 (3rd Cir. 1983).[15]  The First Circuit
Court of Appeals has not, however, "addressed head on whether the
co-Defendant Clause is subject to a reasonableness limitation."
<u>Maryea</u>, 704 F.3d at 66; see <u>United States v. Brown</u>, 736 F.2d 807,
809 (1st Cir. 1984) (declining to adopt the reasonableness
requirement set forth in <u>Novak</u>, 715 F.2d 810, but holding that
"any excludable delay properly attributable to the pendency of
[codefendant A's] pretrial motions is applicable to [codefendant
B]").  The <u>Maryea</u> court "assume[d] without deciding" that "a
reasonableness requirement applies" to the codefendant exclusion,

---

[15] <u>See United States v. Stephens</u>, 489 F.3d 647, 654 (5th Cir. 2007) ("Attribution
of the excludable delay of one codefendant to another is not, however,
automatic; rather, the period of delay must be reasonable."); <u>United States v.
Lewis</u>, 611 F.3d 1172, 1176 (9th Cir. 2010) ("[I]n order to attribute a
codefendant's excludable delay under [the STA] to a defendant, the delay must
meet the reasonableness requirement of § 3161(h)(6)."); <u>United States v. Volg</u>,
374 F.3d 976, 984 (10th Cir. 2004) (holding that "a court must examine all the
relevant factors" to determine whether delay attributable to a codefendant is
reasonable).

adopting a totality-of-the-circumstances standard of review.  Id.
This Court will do the same.

        The Court is cognizant that 370 days have elapsed
between Ruiz's motion to suppress and García's motion to dismiss,
time that García has spent in federal detention.  This delay,
however, is reasonable.  García has not requested a severance, a
circumstance that militates against dismissal.  Maryea, 704 F.3d
at 67 ("[G]iven that our sister circuits have found a petition for
severance relevant . . . under the totality-of-the-circumstances
test, a defendant's failure to move to sever is an important factor
to consider.") (citing cases); United States v. Congo, Case No.
18-193, 2019 U.S. Dist. LEXIS 27362 *2—3 (D. Me. Feb. 21, 2019)
("Under the totality of the circumstances, the utility and
efficiency of a single trial outweighs any prejudice to [the
defendant], and I conclude that the delay occasioned by the speedy
trial order is reasonable.").  García did not request that the
Court set a trial date before filing his motion to dismiss, nor
did he object to any of the motions to continue the suppression
hearing.  The disposition of Ruiz's motion to suppress may
facilitate plea negotiations and perhaps obviate the need for a
trial.  The First Circuit Court of Appeals has held that "delays
resulting from the joinder of codefendants [are to] be liberally
excluded" from the Speedy Trial clock.  Id.; see, e.g., Molina,

407 F.3d at 532 (denying motion to dismiss where the defendant's "principal [complaint] is that the delay of approximately eighteen months occasioned by the unavailability of [codefendant's] trial counsel should not have been excluded from the speedy trial calculation").[16]    Accordingly, the delay resulting from Ruiz's motion to suppress is excluded from the Speedy Trial clock. García's motion to dismiss pursuant to the Speedy Trial Act is **DENIED**.

## IV.  The Sixth Amendment

García also moves for dismissal of the superseding indictment pursuant to the Sixth Amendment.  "Although unusual, it is possible for a delay that does not violate the STA to run afoul of the Sixth Amendment's guarantee of a speedy trial."  United States v. Casas, 425 F.3d 23, 33 (1st Cir. 2005) (citation omitted).  Four factors govern the Court's Sixth Amendment analysis: (1) the length of the

---

[16] See also United States v. Anello, 765 F.2d 253, 258 (1st Cir. 1985) (denying motion to dismiss because the 568-day "delay from indictment to trial was long. But, at least some of the different defendants, tried together, are responsible for each individual portion of that delay."); United States v. Vásquez, 918 F.2d 329, 334 (2d Cir. 1990) (denying motion to dismiss where defendant "[argued] that his rights were violated by the unreasonable delays in proceedings concerning co-defendant Vásquez, delays that extended over 22 months in order to decide various motions"); United States v. Morales-Rivera, 203 F. Supp. 2d 92, 95 (D.P.R. 2002) ("[A]lthough 945 days elapsed between the defendants' initial appearance before a judicial officer and the filing of the speedy trial motion, at least 933 of those days are excluded from the speedy trial calculation.  Because not more than 12 countable days have accumulated, the Speedy Trial Act has not been violated.") (Hornby, J.); United States v. Adams, 782 F. Supp. 2d 229, 242 (N.D.W. Va. 2011) (holding that the [one year] delay resulting from adding Ms. Adams as a defendant was reasonable, and therefore, excludable pursuant to the Speedy Trial Act").

delay; (2) the reasons for the delay; (3) the defendant's assertion of his or her speedy trial right; and (4) prejudice to the defendant caused by the delay. See Barker v. Wingo, 407 U.S. 514, 530 (1972). These factors "must be considered together with such other circumstances as may be relevant." Id. at 533.

The length of pretrial delay is calculated from arrest or indictment, whichever occurs first. Muñoz-Amado, 182 F.3d at 61. A grand jury returned the superseding indictment on February 8, 2017, exceeding the one-year point at which pretrial delay is generally considered presumptively prejudicial. See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992) (internal citations omitted). Accordingly, the length of delay weighs in favor of defendants' Sixth Amendment claim.

The remaining factors, however, weigh against García. His motion to dismiss is devoid of any discussion regarding the Sixth Amendment. (Docket No. 184.) García cannot "mention a possible argument in the most skeletal way, leaving the Court to do counsel's work, create the ossature for the argument, and put flesh on its bones." U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Accordingly, García's Sixth Amendment argument is unavailing. See, e.g., United States v. Pizarro, 772 F.3d 284, 299 n.21 (1st Cir. 2014) (holding that one sentence of legal argument failed to develop the defendant's claim that his "statutory and

constitutional rights to a speedy trial" were violated) (citing Zannino, 895 F.2d at 17); cf United States v. Rodríguez-Durán, 507 F.3d 749, 762 n.21 (1st Cir. 2007) ("[Defendant] also asserts that denial of the continuance violated his Sixth Amendment right to put on a defense.  However, he fails to cite or otherwise develop that claim, and we therefore deem it waived") (citation omitted). García's motion to dismiss pursuant to the Sixth Amendment is **DENIED**.

## V. Conclusion

For the reasons set forth above, the Court **DENIES** García's motion to dismiss pursuant to the Sixth Amendment and the Speedy Trial Act.  (Docket No. 184.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 20, 2019.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE